Gaston, Judge,
 

 after stating the facts, proceeded:— 'The possession of the plaintiff’s father was under a general ■bailment, determinable at the will of either party, and no length of possession under that bailment, could avail to give him a title.
 
 (Hill
 
 v.
 
 Hughes,
 
 1 Dev. & Bat. 336.) But upon his death, the bailment necessarily terminated. Whether the possession then taken by his administrator, was adverse to the title of the defendant’s testator, it is unnecessary for us to determine. Perhaps it might depend upon the fact whether the possession was taken as of the effects of his intestate, under his authority as administrator, or as of the effects of the
 
 bailor, found
 
 among those of his intestate. But after they were delivered over unto the plaintiff, upon a claim of right, as his, the plaintiff’s own property, a possession of them by the plaintiff’s guardian, as such, was wholly inconsistent with, and repugnant to the admission of a title in the original bailor.
 
 Dowel
 
 v.
 
 Wadsworth,
 
 2 Dev. 103. An action of detinue or trover might then have been brought by him against the possessor. By our statute of limitations, such actions are barred if not instituted within three years after the cause of action accrued; and under our act of 1820,
 
 (Rev. ch.
 
 1055,) a possession of a slave, continued until it is protected by the statute of limitations, confers a complete title against.the
 
 *381
 
 person thereby barred of his action. This last act contains, indeed, a proviso, that it shall not affect the law requiring gifts of slaves to be made by written transfer, but the proviso is satisfied, and completely satisfied, by holding that a
 
 parol
 
 gift is, in law, a bailment, and that no length of possession under the bailment, shall cause it to operate as a gift.
 

 June, 1836.
 

 It is the opinion of the Court, that the plaintiff is entitled to a decree for the negroes, and an account of the hire and profits.
 

 PeR CmiAM. Decree accordingly.